UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELMER E. WALCKER and STELLA C. WALCKER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SN COMMERCIAL, LLC, an Alaska limited liability company; SN SERVICING CORPORATION, an Alaska limited liability company; WELLS FARGO FOOTHILL, INC., a California corporation; KEYBANK NATIONAL ASSOCIATION, a national banking association; CHRISTINA BANK & TRUST COMPANY, a Delaware corporation; SECURITY NATIONAL ASSET SECURITIZATION SERIES TRUST II, a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and JOHN and JANE DOES 1-10, inclusive,<br><br>Defendants. | NO. CV-06-009-RHW<br><br>**ORDER DISMISSING CLAIMS AGAINST DEFENDANT KEYBANK; GRANTING DEFENDANT KEYBANK'S REQUEST FOR ATTORNEYS' FEES** |

Before the Court is Defendant's Motion to Dismiss Pursuant to FRCP 12(B)(6) (Ct. Rec.43). A hearing was held on the motion on March 29, 2006. Plaintiffs were represented by Joshua Busey and Timothy Carlson. Defendants were represented by Bruce Leaverton and Gergory Fox. Kimberly Osenbaugh and

**ORDER DISMISSING CLAIMS AGAINST DEFENDANT KEYBANK; GRANTING DEFENDANT KEYBANK'S REQUEST FOR ATTORNEYS' FEES ~ 1**

1  Michael Pinkerton also participated.

At the hearing, the parties represented that they had reached an agreement in which the three claims alleged against Defendant KeyBank would be dismissed. The parties disagreed whether the claims would be dismissed with or without prejudice and whether Defendant KeyBank would be entitled to attorneys' fees.

## BACKGROUND FACTS

Plaintiffs Elmer and Stella Walcker operate hotel property located in Chelan, Washington, which is known as the Caravel Resort. In 1988, Plaintiffs and Defendant KeyBank entered into a loan obligation agreement. The original principal loan obligation was $2,150,000 and was incurred to provide funding for Caravel Resort. Subsequently, Plaintiffs filed a Chapter 11 Bankruptcy petition in the Eastern District of Washington. As part of the bankruptcy proceedings, in 1999, Plaintiffs and Defendant KeyBank entered into an "Agreement Related to Treatment of KeyBank National Associations Claim in Plan of Reorganization."

In their Complaint, Plaintiffs allege that in the Spring of 2003, at the request of Defendant KeyBank, Plaintiffs attempted to negotiate a loan from a third party lender to make an agreed discounted payoff of their obligation to Defendant KeyBank. Plaintiffs allege that their advisor, John Tousey, entered into an oral agreement with KeyBank, in which KeyBank agreed to accept $2,100,000 for full and final satisfaction of the obligations under the original Loan Document and the subsequent Claim Agreement. This would have resulted in a discount of approximately $600,000. In the Fall of 2003, Plaintiffs had obtained financing, and contacted Defendant KeyBank, who then informed Plaintiffs that they had sold the loan to a third party, Defendant SNC.

In their Complaint, Plaintiffs based their claims against Defendant KeyBank on the alleged oral agreement to discount the loan. Specifically, Plaintiffs allege the following claims against Defendant KeyBank: (1) Breach of Contract; (2)

**ORDER DISMISSING CLAIMS AGAINST DEFENDANT KEYBANK; GRANTING DEFENDANT KEYBANK'S REQUEST FOR ATTORNEYS' FEES ~ 2**

Promissory Estoppel; and (3) Misrepresentation.

## DISCUSSION

**A.  Motion to Dismiss**

For the reasons stated on the record, the Court dismisses the claims alleged against Defendant KeyBank with prejudice.

**B.  Attorneys' Fees**

Defendant KeyBank requests attorneys' fees associated with defending against this cause of action.

Under Washington law, absent a contractual provision, statutory provision, or a well recognized principle of equity to the contrary, a court has no authority to award attorneys' fees to the prevailing party. *Herzog Aluminum, Inc. v. General American Windwo Corp.*, 39 Wash. App. 188 (1984).  Wash. Rev. Code § 4.84.33 provides that courts can award attorneys' fees to the prevailing party where the contract specifically provides that attorneys' fees and costs be awarded.

Neither party disputes that the original 1988 promissory note contained a provision that provided for the awarding of attorneys' fees incurred in collecting or enforcing the note.  Specifically, the Promissory Note contains the following provision:

> (8)  Borrower agrees to reimburse Lender on demand for all legal fees and other costs and expenses incurred in collecting or enforcing this Note and protecting and realizing on any collateral.  Without limitation such shall include fees, costs, and expenses incurred with or without suit and in any appeal, any proceedings under any present or future federal bankruptcy act or state receivership, and any post-judgment collection proceedings.  Payment of such fees, costs, expenses and interest shall be a condition precedent to the curing of any event of default or the satisfaction of this Note.

**ORDER DISMISSING CLAIMS AGAINST DEFENDANT KEYBANK; GRANTING DEFENDANT KEYBANK'S REQUEST FOR ATTORNEYS' FEES ~ 3**

(Ct. Rec. 1)

The term "Lender" is defined as: the holder of this Note.

*Id.*

The Court finds that Defendant is entitled to attorneys' fees under Wash. Rev. Code § 4.84.330. Contrary to Plaintiffs' position that they brought this action to enforce a separate oral agreement, the Court concludes that this action was brought in an attempt to modify the terms of the 1988 Promissory Note and the 1999 Agreement. In the Complaint, Plaintiffs stated that the oral agreement involved KeyBank accepting "no greater than $2,100,000 in full and final satisfaction of the obligations under the Loan Documents and the KeyBank Agreement." Absent any modification, Plaintiffs were obligated to pay the full amount as set forth in the loan documents. Thus, the attorneys' fees provision found in the 1988 Promissory Note applies. Here, Defendant KeyBank successfully defended against any subsequent oral modifications to the loan documents and is entitled to attorneys' fees.

Wash. Rev. Code § 4.84.330 applies to "any action on a contract." The claims alleged by Plaintiffs involve the Loan Documents, which are clearly contracts. Plaintiffs' calculations of damages relies on the Loan Documents. Because the claims against Defendant KeyBank arose when Defendant KeyBank was the holder of the loan documents, it does not matter that the Promissory Note is now held by another party. Defendant KeyBank is seeking attorneys' fees as a result of defending an action that relied on conduct that occurred when Defendant KeyBank had possession of the loan documents. Consequently, the provisions of the loan documents apply to defending Defendant KeyBank's conduct regarding the loan documents.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant KeyBank's Motion to Dismiss Pursuant to Fed. R. Civ. P.

**ORDER DISMISSING CLAIMS AGAINST DEFENDANT KEYBANK; GRANTING DEFENDANT KEYBANK'S REQUEST FOR ATTORNEYS' FEES ~ 4**

12(b)(6) is **GRANTED**.

2. The claims alleged against Defendant KeyBank in the above-captioned case are **DISMISSED** with prejudice.

3. Defendant KeyBank is **DISMISSED**, with prejudice, from the above-captioned case.

4. The District Court Executive is directed to enter judgment in favor of Defendant KeyBank.

5. Defendant KeyBank's request for attorneys fees is **GRANTED**. Within two (2) weeks from the date of this order, Defendant KeyBank shall submit briefing on its requested amount of attorneys' fees and costs. Defendant KeyBank is directed to file affidavits and a memorandum setting forth the justifications for any amount requested.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 30th day of March, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Walcker\attfees.wpd