UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELMER E. WALCKER and STELLA C. WALCKER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SN COMMERCIAL, LLC, an Alaska limited liability company; SN SERVICING CORPORATION, an Alaska limited liability company; WELLS FARGO FOOTHILL, INC., a California corporation; KEYBANK NATIONAL ASSOCIATION, a national banking association; CHRISTINA BANK & TRUST COMPANY, a Delaware corporation; SECURITY NATIONAL ASSET SECURITIZATION SERIES TRUST II, a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and JOHN and JANE DOES 1-10, inclusive,<br><br>Defendants. | NO. CV-06-009-RHW<br><br>**ORDER DENYING STIPULATION TO ENTER PROTECTIVE ORDER** |

Before the Court is the parties' Stipulation To Enter Protective Order (Ct. Rec. 116). The parties ask the Court to enter their proposed Stipulated Protective Order, which would allow the parties to designate as "confidential" any information that pertains to the parties' "business or personal affairs, that is not generally or publicly known, and that the Party normally would not reveal to Third

**ORDER DENYING STIPULATION TO ENTER PROTECTIVE ORDER~ 1**

Parties or would require Third Parties to maintain in confidence." Once a document receives such a designation, it is subject to the special rules set forth in the protective order that cover the dissemination and use of the specified document or information. The proposed protective order also states that if the designated material is to be included in any papers filed with the Court, it must be filed under seal until further order from the Court.

Generally, the manner in which the parties agree to manage the dissemination and use of the information between themselves during the discovery process does not cause the Court concern. The parties' proposed protective order, however, does more than manage the dissemination and use of certain materials during the discovery process. This proposed order attempts to restrict the access of the public to documents that would be part of court proceedings and, as such, requires the Court to inquire further into whether the proposed protective order impedes the public's common law right to access court proceedings and the First Amendment's protection of the same.

Generally, the public should be allowed access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see also San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown."); *In re Agent Orange Product Liability Litig.*, 821 F.2d 139, 145 (2d Cir.1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.").

On the other hand, Fed. R. Civ. P. 26(c) gives district courts broad latitude to grant protective orders to prevent disclosure of many types of information.

**ORDER DENYING STIPULATION TO ENTER PROTECTIVE ORDER~ 2**

*Phillips*, 307 F.3d at 1211 (noting that rule 26(c) authorizes district courts to issue "*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." (Emphasis in original.)  Fed. R. Civ. P. 26(c) requires, however, that the party asserting good cause bear the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.  *Foltz v. State Farm Mut. Auto. Insur. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

      Even if the Court were to find that "good cause" exists, it still must consider the public's common law right of access.  The public has a federal common law right of access to all information filed with the Court, which in turn "'creates a strong presumption in favor of access' to judicial documents which 'can be overcome' only by showing 'sufficiently important countervailing interests.'" *Phillips*, 307 F.3d at 1212, *quoting San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).  In deciding whether sufficient countervailing interests exist, courts are directed to look to the "'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 1213, *quoting Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1999).  Under Ninth Circuit precedent, the federal common law right of access does not apply to documents filed under seal, unless the document is attached to a dispositive motion.  *Id.*[1] ; *Foltz*, 331 F.3d at 1136 (holding that the presumption of access is not rebutted where documents subject to a protective order are filed under seal as attachments to a dispositive motion).  In

---

[1] In *Phillips*, the Circuit recognized that in the case of nondispositive filings in which a document is filed under seal, the court has presumably already decided that the document deserved protection.  Applying a strong presumption of access to the document would "undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Phillips*, 307 F.3d at 1213.

**ORDER DENYING STIPULATION TO ENTER PROTECTIVE ORDER~ 3**

this case, the Court is hesitant to enter a blanket protective order that requires documents to be filed under seal, which would then trump the common law right to access, without a specific showing of good cause.

In addition, when deciding whether to enter a blanket protective order, the Court also must consider the public's First Amendment rights. Under the First Amendment, the public has a presumed right of access to court proceedings and documents. *Oregonian Publ'g Co. v. United States Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990). This presumed right can be overcome only by an overriding right or interest "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*, *quoting Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985). "The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.*

Given both the public's common law right to access and the public's First Amendment right of access to court proceedings and documents, the Court declines to exercise its discretion to enter a protective order in this case which would require documents to be filed under seal without a proper showing of good cause. *See Foltz*, 331 F.3d at 1131 (commenting on the fact that blanket protective orders make appellate review difficult). Also, the scope of the proposed protective order is too broad. The parties have not shown how information pertaining to its "business or personal affairs that is not generally or publicly known, and that the Party normally would not reveal to Third Parties or would require Third Parties to maintain in confidence" qualifies for Fed. R. Civ. P. 26(c) protection from "annoyance, embarrassment, oppression, or undue burden or expense."

///

///

///

**ORDER DENYING STIPULATION TO ENTER PROTECTIVE ORDER~ 4**

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' Stipulation to Enter Protective Order (Ct. Rec. 116) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 7th day of September, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Walcker\deny.prot.ord.wpd

**ORDER DENYING STIPULATION TO ENTER PROTECTIVE ORDER~ 5**